IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL PROPERTIES, INC., WHIRLPOOL CORPOATION, and MAYTAG PROPERTIES, LLC, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00118-JRG |
| INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS THAT OWN OR OPERATE WWW.FILTER-BELVITA.COM., | § § § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Whirlpool Properties, Inc., Whirlpool Corporation, and Maytag Properties, LLC's (collectively, "Whirlpool") Motion for Leave to Effect Alternative Service and for Extension of Time to Serve and Renewed Motion for Leave to Effect Alternative Service (the "Motions"). (Dkt. Nos. 10, 13). Having considered the Motions and accompany exhibits and declarations and for the reasons set forth herein, the Court finds that the Motions should be **GRANTED**.

### I.   BACKGROUND

On March 21, 2023, Whirlpool filed the present suit against various individuals, partnerships, and unincorporated Associations that own or operate www.filter-belvita.com ("Defendants"). (Dkt. No. 1). Whirlpool's Complaint puts for allegations of trademark infringement, trademark dilution, unfair competition, and patent infringement relating to the offers for sale and sales of allegedly infringing refrigerator water filters through the Defendants' website, www.filter-belvita.com ("Website"). (*Id.*). Specifically, Whirlpool alleges that Defendants own

and operate the Website, which offer for sale and sells, in the United States, non-genuine Whirlpool replacement water filters that infringe one or more of U.S. Patent Nos. 7,000,894, 8,356,716, 8,591,736, 8,845,896, 9,937,451, and 10,010,820.  (Dkt. No. 1).

Whirlpool previously moved the Court for leave to effect alternative service.  (Dkt. No. 10). On May 16, 2023, the Court conducted a telephonic status conference wherein the Court requested that Whirlpool provide additional information regarding the Defendants' online presence and the prospect of contacting the Defendants through electronic means. Whirlpool has since conducted additional investigation into prospective methods of contacting the Defendants through electronic means.  (Dkt. No. 13).

The Website provides minimal detail regarding the Defendants' identities. The Website includes a "Shipping Policy" that lists the following address: "china merchants bank tower No.7088, Shenzhen Boulevard, Shenzhen, china Shenzhen, 5180000 Anhui, China" ("the Address"). (Dkt. Nos. 10 at 3, 4; 10-1).  The Website does not include a "Contact Us" page, but the bottom of the Shipping Policy page states, "Get in touch" and lists the email address bestfiltrfactory@outlook.com.  (Dkt. Nos. 10 at 4; 10-1).  The Website "Refund Policy" page lists a different email address, bestfiltrfactory@hotmail.com. (Dkt. Nos. 10 at 4; 10-3).  The Website does not clearly identify a company name that is behind the website's operation, but it does list the name "Best Home products shop" in the terms of service.  (Dkt. Nos. 10 at 4; 10-3).  Whirlpool hired Mr. Gao Yuguang to investigate Defendants' presence at the Address. (Dkt. No. 10 at 4; 10-5). According to Mr. Yuguang, the Address does not make sense as it lists China twice, it lists both Shenzhen and Anhui, which are in different provinces, and it contains a seven-digit postal code even though Chinese postal codes are six digits in length. (Dkt. No. 10-5 at ¶ 2). Mr. Yuguang further stated that he visited an address at the China Merchants Bank Tower that is similar to the

2

Address on the Defendants' Website. (*Id*. at ¶ 3-5). Upon his visit, he learned that the entire building is occupied by China Merchants Bank (*Id*.). Mr. Yuguang also investigated the company name listed on Defendants' Website, "Best Home Products Shop." (*Id*. at ¶ 7). He indicated that the company name is not listed in the official Chinese Administration of Industry and Commerce database. (*Id*. at ¶¶ 8, 9).

Whirlpool also engaged Mr. Michael J. Collins to investigate possible online contacts for Defendants. (Dkt. No. 13). Mr. Collins contacted the two email addresses listed on the Website. (Dkt. No. 13-1 at ¶ 2). The email to bestfiltrfactory@outlook.com was returned as undeliverable and the email he sent to bestfilrtfactory@hotmail.com received no response. (*Id*. at ¶ 3).

Whirlpool further investigated the Website by searching for the Website's registrar, web store host, and DNS host. (Dkt. No. 13 at 2). Whirlpool learned that Shopify, Inc. ("Shopify") is the Website store host, Cloudflare, Inc. ("Cloudflare") is the DNS host, and Tucows Domains, Inc. ("Tucows") is the registrar. (*Id*.). Whirlpool reached out to each of these entities. (*Id*.). Shopify, a Canadian company, advised that requests for personal information would need to be issued by a Canadian court and stated that it had "provided a copy of the infringement notice to the merchant and asked for their consent to produce the requested information." (*Id*.; Dkt. No. 13-3 at ¶ 4). Cloudflare did not respond to Whirlpool's communication. (Dkt. No. 13 at 3; Dkt. No. 13-3 at ¶ 4). Tucows, however, provided Whirlpool with "Organization Information" in its possession that included the same Address that Mr. Yuguang had investigated, a contact person named Zhou Shanling, a phone number, and fax, and one of the email addresses listed on the Website. (Dkt. No. 13-3 at 9, 10). Mr. Yuguang, upon his visit to the China Merchants Bank Tower, confirmed that a "Zhou Shanling" is not located at the building. (Dkt. No. 13 at 3; Dkt. No. 13-4 at ¶ 3). Mr. Yuguang also called the listed phone number, confirmed that the answering party was Mr. Zhou

Shanling, and was told by Mr. Shanling that he "knew nothing about the [W]ebsite" and that Mr. Shanling "works in a clothing business," which Mr. Shanling refused to identify by name. (Dkt. No. 13 at 3,4; Dkt. No. 13-4 at ¶ 4). Finally, Mr. Yuguang made several attempts to send a fax to the fax number provided by Tucows, but he received a busy signal each time. (Dkt. No. 13 at 4; Dkt. No. 13-4 at ¶ 5).

In light of the aforementioned facts, Whirlpool argues that Defendants' identities and addresses are unknown and seeks to serve Defendants by alternative means.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure state that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Fed. R. Civ. P. 4(f) provides that an individual in a foreign country may be served as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>> (C) unless prohibited by the foreign country's law, by:
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Here, Defendants are believed to be Chinese, and China is a signatory to the Hague Convention. *See* HCCH Members, https://www.hcch.net/en/states/hcch-members.

4

### III. DISCUSSION

#### A. Alternative Service

Whirlpool argues it should be permitted to serve Defendants via electronic mail because (1) the Hague Convention does not apply and (2) the requested alternative service method comports with both Rule 4(f)(3) and Due Process.

#### B. Applicability of Hague Convention

The Hague Convention procedures are "mandatory if available at the place of service." *RPost Holdings, Inc. v. Kagan*, Case No. 2:11-cv-238, 2012 WL 194388, at *1 (E.D. Tex. Jan. 23, 2012) (quoting *Gramercy Ins. Co. v. Kavanagh*, Case No. 3:10-cv-1254, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011). "'[The Hague] Convention shall not apply where the address of the person to be served with the document is not known.'" *RPost*, 2012 WL 194388 at *1 (quoting *Gramercy*, 2011 WL 1791241 at *1). Based on the evidence presented by Whirlpool, the Court believes the Defendants have purposefully obfuscated their physical location and identities. Despite Whirlpool's extensive and reasonable efforts, Defendants' identities and addresses remain unknown. *Id.* Whirlpool cannot serve Defendants according to the Hague Convention because they cannot be found and are not located at their listed address. *Id.* Based on all the evidence presented by Whirlpool, the Court finds that Whirlpool has expended material efforts to comply with the Hague Convention. Whirlpool tried to identify the operators of Website as well as locate Defendants' physical addresses, all in an effort serve Defendants as the Hauge Convention would require. Nothing before the Court disputes or challenges that Defendants' actual whereabout remain unknown. The Court finds that under these facts, the Hague Convention is inapplicable and service of process under Rules 4(f)(3) and h(2) is not prohibited by international agreement.

### C.     Reasonableness of Alternative Method of Service

An effective service of process, through Rule 4(f)(3), must be consistent with procedural due process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Due process requires that the notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. Again, despite serious efforts by Whirlpool, it has not been able to identify and locate the operators of the Website. This leaves the only identifiable means of contacting Defendants through the identified actively monitored electronic mail address. (Dkt. Nos. 10 at 4,8–10; 13 at 1,2, 4). Whirlpool identified electronic mail addresses, including one that based on correspondence thereto, it believes is being monitored by Defendants. *Id*. Serving Defendants through actively monitored electronic mail addresses will provide adequate notice of the suit. The Court finds that service on the monitored Website electronic mail addresses is an appropriate means for notifying Defendants of this action. Indeed, it appears the electronic mail addresses may be the only method to effect service. While the Court is cognizant of Defendants' due process rights, the limited number of options left to effect service are limited because of Defendants' own conduct, not Whirlpool's. Requiring Whirlpool to undertake additional investigations to further attempt ordinary service would considerably increase delay and expense. *See In re OnePlus Tech. (Shenzhen) Co., Ltd.*, Appeal No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021); *SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, Case No. 2:20-cv-003, 2021 WL 3493168, at *3 (E.D. Tex. Mar. 16, 2021). Additionally, "Rule 4(f)(3) is not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant." *OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643 at *3.

### D. Extension of Time to Serve Defendants

For cases involving foreign defendants, the Fifth Circuit has adopted a "flexible due diligence" standard for timeliness. *See Lozano v. Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012). Under that standard, the Court finds that it is appropriate to give Whirlpool fourteen (14) days following the entry of this Order to effect alternative service on Defendants.

### IV. CONCLUSION AND ORDER

In view of the numerous factors suggesting that service by electronic mail is the most likely method of providing actual and meaningful notice to Defendants, the Motions are **GRANTED**. Accordingly, it is **ORDERED** that Whirlpool serve Defendants by effecting alternative service through the bestfiltrfactory@hotmail.com and bestfiltrfactory@outlook.com electronic mail addresses. The electronic mail sent for this purpose must include the same information that would be delivered if traditional in-person delivery were possible. Upon completion of such alternative service, Whirlpool shall file with the Clerk of Court a Notice supported by a sworn personal declaration as to the completion of such alternative service, together with a copy of the electronic mail as sent and such supporting receipts and/or other relevant documents, all of which shall make clear the ways and means—together with the effective date—of such service upon Defendants. Further, Whirlpool is **GRANTED** fourteen (14) days following the entry of this Order to effect alternative service on Defendants and file the subsequent Notice required herein.

**So ORDERED and SIGNED this 11th day of August, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE